## Struck Construction Company, Inc., v. Gregg.

(Decided March 11, 1930.)

(As Modified, on Denial of Rehearing, June 6, 1930.)

ROBERT F. VAUGHN and GAVIN H. COCHRAN for appellant.

LUKINS & JONES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

E. R. Gregg brought this action against the Struck Construction Company to recover for personal injuries received by him. On the trial of the case there was a verdict and judgment in his favor for $6,500. The defendant appeals. The facts of the case are well stated by the circuit court in his opinion on the motion for a new trial, as follows:

"In October 1927, the defendant, Struck Construction Company, had and was carrying out a contract for the construction of a War Memorial Building at Fourth and Kentucky streets in the city of Louisville. The local architect, charged with the duty of superintending the construction of the building, was E. T. Hutchings, of Louisville, who admittedly had access to all parts of the premises for the purpose of inspecting the work as it progressed. The plaintiff, Edgar R. Gregg, was an architect in the service of E. T. Hutchings, and on October 25, 1927, was sent by his principal to the premises for the purpose of inspecting the quality of concrete being then used in the building of the foundation. The concrete was mixed and elevated into a tower, and thence carried to the point where it was to be used by means of an inclined steel conveyor supported by scaffolding.

"The scaffolding supporting the conveyor at the point of injury was constructed by employees of the defendant on the morning of October 25, 1927, and only a few 'batches' had been conveyed thereby when, on the afternoon of October 25, the plaintiff stood on a nearby wall parallel with the conveyor and scaffold which supported it and watched the concrete pass on its way to the foundation, inspecting its character and quality as it passed. On its journey by the point where plaintiff was standing the concrete clogged in its passage, and plaintiff requested a nearby employee of defendant to hand him an implement, known as a concrete cutter, for the purpose of breaking up the clogging concrete and restoring its ordinary flow or passage. Plaintiff, with one foot on the wall and the other on the scaffold that supported the concrete conveyor at that point, undertook to use this implement for the purpose of relieving the clogging in the passage of the concrete, whereupon the scaffold supporting the conveyor collapsed and plaintiff was thrown to the ground some 17 feet below, the concrete conveyor and contents falling upon him, and, among other things, crushing his right leg, breaking certain bones, and causing him to bleed profusely.

"There is clear evidence tending to show that the scaffolding at that point was of insufficient strength to do the work for which it was intended. At the conclusion of the plaintiff's and at the conclusion of all the testimony, defendant moved for a peremptory instruction directing the jury to find for the defendant.

"The principal ground urged by defendant in support of this motion is that plaintiff was not engaged in his business of inspecting at the time of the accident, because he was doing work which properly belonged to the defendant, Struck Construction Company, in that, instead of demanding that an employee of defendant, whose duty it was to keep the concrete flowing, relieve the clogging thereof in the conveyor at that time and place, he secured the necessary implement from defendant's employee and performed this service himself."

The proof for the plaintiff leaves no room for argument that the architect had no right to go where he went. Indeed, the defendant admitted that for purposes of inspection, the plaintiff had a right to be where he was when he was hurt. But the defendant insists that as at the time the plaintiff was hurt he was primarily engaged in unclogging the chute, he was a mere licensee and not an invitee. The trouble with the defendant's contention is that the plaintiff never ceased to be an inspector. At all times here involved he was inspecting the work, and if, while unclogging the chute, he had seen anything which would have justified him in rejecting the concrete, it would have been his duty to do so. He was not compelled to remain upon the wall to inspect the concrete. He could have gone upon the bent for that purpose. He had never abandoned his task of inspecting simply because he had added thereto the task of unclogging the chute. It follows that the defendant was not entitled to a peremptory instruction, and the court did not err in refusing it.

The amount of the verdict is not excessive. Both bones in his right leg, below the knee, were broken or crushed into a dozen little pieces. The flesh was also cut or injured, and had to be bandaged and unbandaged twice daily for some days. He lost a large amount of blood. One rib was broken; he was in the hospital probably two months; and was still suffering from the injury at the time of the trial. The proof as to his suffering is very clear. It could not be well otherwise, in view of the extent and character of his injury. The jury allowed him $2,500 for his expenses and time lost, and $4,000 for his pain and suffering. Under all the proof, the verdict of the jury is clearly not unwarranted.

Judgment affirmed.

Whole court sitting.